REQUESTED BY: Richard T. Smith, Gage County Attorney, Room 21, Courthouse, Beatrice, NE, 68310.
1. Is the Gage County Highway Engineer-Superintendent a county officer for purposes of Neb.Rev.Stat. § 23-146 (Reissue 1977)?
2. If the Gage County Highway Engineer-Superintendent is a county officer for purposes of Neb.Rev.Stat. § 23-146
(Reissue 1977), would a renegotiation of his contract to include the performance of a Road and Bridge Study of Gage County at an added expense of over $10,000.00 be in violation of section 23-146 or Neb.Rev.Stat. § 39-1506 (Supp. 1982)?
1. No.
2. The matter is considered moot in view of the negative answer to the preceding question, but a negative response would also be given here for a non-county officer.
Neb.Rev.Stat. § 23-146 (Reissue 1977) states as follows:
 "No county officer or county surveyor shall in any manner, either directly or indirectly, be pecuniarily interested in or receive the benefit of any contracts executed by the county for the furnishing of supplies or any other purpose when the consideration of the same is in an amount in excess of five thousand dollars in any one year, and no contract may be divided for the purpose of evading the requirements of this section. No county officer or county surveyor shall furnish any supplies for the county on order of the county board, without contract. It shall be unlawful for any person, firm, or corporation to enter into any contract or agreement with any county board for any article, service, public improvement, material, or labor, where such person is a member of such county board, or when any member of such county board is an agent, official, or employee of such firm or corporation if such contract or agreement is in violation of the limitation above set forth. All contracts or agreements in violation of the limitations above set forth are hereby declared unlawful and shall be wholly void as an obligation against the county."
As you will note, this section applies to county officers, county surveyors and county board members. A county highway superintendent is obviously not one of the latter two (he could be both county engineer and surveyor in counties over 50,000 population by virtue of Neb.Rev.Stat. 23-1901
(Supp. 1982); he could not be a county board member because of the prohibition contained in Neb.Rev.Stat. 39-1506
(Supp. 1982)), therefore, the question remaining is whether he is a county officer. In this regard, Article IX, Sec. 4 of the Nebraska Constitution states, in pertinent part:
 "The Legislature shall provided by law for the election of such county and township officers as may be necessary. . ."
There is no statute providing for the election of a County Highway Superintendent, nor are there any statutory provisions for serving a term or setting a specific salary. Conversely, the pertinent statutes, Neb.Rev.Stat. § 39-1501(2),39-1502, and 39-1506 all speak in terms of appointment by the county board. Still, it is a close question, i.e. whether the highway superintendent is a county officer, in view of the holding in State, ex rel. O'Connorv. Tusa, 130 Neb. 528, (1936), wherein a County Manager was held to be a county officer, even though appointed by and serving at the pleasure of the county board. The Court said then that, `The almost universal rule is that, in order to indicate office, the duties must partake in some degree of the sovereign powers of the state.' It found that the County Manager had the power to appoint `officers' such as the Register of Deeds, or to hold such `offices' himself in addition to being County Manager. Such would not appear to be the case with a County Highway Superintendent. (Neb.Rev.Stat. §§ 39-1503 and 39-1505, relative to duties of the Superintendent, place primary responsibility on the county board.)
The Court noted further that `the words `office' and `officer' are terms of vague and variable import, the meaning of which necessarily varies with the connection in which they are used, and, to determine it correctly in a particular instance, regard must be had to the intention of the statute and the subject matter in reference to which the terms are used.' (Citing State v. Kiichli, 53 Minn. 147,54 N.W. 1069.)
In conclusion, in the context of the above tests, it is considered that the County Highway Superintendent is a county employee but not a county officer within the meaning of Neb.Rev.Stat. § 23-146.
As to your second question, it is considered that were the County Highway Superintendent deemed to be a county officer, a change of contract as described would be impermissible as being in violation of Art. III, Section 19
of the Nebraska Constitution which prohibits increasing or decreasing the compensation of a public officer during his term of office. Contrarily, there is no known provision prohibiting increasing or decreasing the pay of a public employee.
Very truly yours, PAUL L. DOUGLAS Attorney General Randall E. Sims Assistant Attorney General Approved:Paul L. Douglas
Attorney General